IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael L., | Case No.: 9:20-cv-03316-JD-MHC |
| Plaintiff, | |
| vs. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Molly H. Cherry ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.).  Plaintiff Michael L.[1] ("Plaintiff" or "Michael") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying him Disability Insurance Benefits ("DIB").  The Magistrate Judge issued a Report and Recommendation on November 1, 2021, recommending the Commissioner's decision be reversed and remanded for further administrative review.  (DE 27.)  On November 8, 2021, the Commissioner filed Objections to the Report and Recommendation, contending the Administrative Law Judge (ALJ) conducted a thorough analysis of the record to sufficiently support the denial of DIB.  (DE 28.) Plaintiff filed a Reply in support of the Report. (DE 29.)

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

Having carefully considered the Commissioner's objections and the applicable law, the Court adopts the Report and Recommendation and reverses the decision of the Commissioner and remands this matter for further administrative review.

## **BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 27.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff reapplied for DIB after being ceased from his benefits by the Social Security Administration in its determination of medical improvement, which was denied initially and on reconsideration. Thereafter, Plaintiff timely submitted a Request for Hearing, and a hearing was held on October 15, 2019, before the ALJ, who issued the decision denying DIB to Plaintiff on December 13, 2019. (DE 21-2, pp. 13-46.)

Plaintiff was 34 years old at the time of the hearing. Plaintiff completed a 12th grade education. Plaintiff testified to multiple impairments including PTSD, anxiety, depression, obesity, chronic pain and limitation from multiple arthralgias, migraine headaches, diabetes mellitus and recurring hernia. The sequential evaluation process, as set out in the Federal Regulations is followed for all disability cases. The Administration's evaluation of a disability claim is a five-step process. The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform his past work or (5) any other work. 20 C.F.R. § 404.1520 (1998).

The first step is whether Plaintiff has engaged in substantial gainful activity, and the ALJ found that Plaintiff had not engaged in any substantial gainful activity since his application date of June 11, 2018. (DE 21-2, p. 17.) The second step is a determination of whether Michael suffers from one or more severe impairments. At this step, the ALJ must consider whether the combined effect of all of Michael's impairments are severe without regard to whether each impairment, if considered individually, would be severe. The ALJ found that Michael has numerous severe impairments, including "depression; anxiety and panic attacks; PTSD; morbid obesity; degenerative joint disease and impingement syndrome, left shoulder; cervical radiculopathy right upper extremity; umbilical hernia, status post-surgical repair; insomnia and stress fractures of the right foot." (DE 21-2, p. 19.) The ALJ also found that Michael's obesity "in combination with other impairments, significantly limited his physical or mental ability to do basic work activities." (DE 21-2, p. 20.) Step three requires a determination on whether Michael's impairments, individually or in combination, meet or equal a listing. The ALJ found that Michael did not meet a listing, which is at issue here. Step four requires the ALJ to determine whether Michael could return to past relevant work. Because Michael has no past relevant work (as he had been adjudged totally disabled for many years prior to his cessation), the ALJ moved on to Step five in determining Michael's residual functional capacity. The ALJ found that Michael retained the ability to perform sedentary work with limitations, including:

> occasionally climb ramp/stairs but never climb ladders/ropes/scaffolds …occasionally balance, stoop, kneel, crouch and crawl…cannot reach overhead with the left upper extremity…can frequently handle and finger objects with the right dominant upper extremity…cannot have exposure to unprotected heights, moving mechanical parts, humidity and wetness… limited to performing simple, routine tasks with a GED reasoning level of 1 or 2…limited to occasional interaction with co-workers and supervisors, no more than incidental contact with the general public.

(DE 21-2, p. 21.)

**LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v.

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

The Commissioner objects to the Report and Recommendation on the basis that the Report improperly concluded that the ALJ did not conduct a thorough analysis of the evidence in the decision at Step Three. (DE 28.) Specifically, as it relates to Step Three, the Commissioner contends the ALJ properly evaluated Plaintiff's impairments and "the Magistrate Judge mistakenly found that the ALJ did not properly consider the medical records of Isaac Seymour [("Mr. Seymour")], Plaintiff's therapist." (DE 27, p. 9; DE 27, p. 2.) In support, the Commissioner cites to the ALJ's references to Mr. Seymour's records, including Plaintiff's subjective statements, his inability to care for his hygiene and health, poor sleep and nightmares, anger, and financial strain; Mr. Seymour's observation that Plaintiff had threatened death, serious injury, or violence; that he re-experienced traumatic events and avoided reminders of such events, and he experienced mood disturbances and increased arousal and reactivity; and Mr. Seymour's opinion that Plaintiff had moderate limitations in his ability to understand, remember, or apply information, moderate limitations in interacting with others, extreme limitations in maintaining concentration,

persistence, or pace, and extreme limitation in his ability to adapt or manage himself. (DE 21-2, 29-33, 37.)

However, the Court disagrees that these references translate to a sufficient analysis in the context of DIB. "Under Step [Three], the regulation states that a claimant will be found disabled if he or she has an impairment that '[1] meets or equals one of our listings in appendix 1 of this subpart and [2] meets the duration requirement.'" Radford v. Colvin, 734 F.3d 288, 293 (4th Cir. 2013) (emphasis in original) (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). Mr. Seymour noted that Plaintiff was (1) moderately impaired in his ability to understand, remember, or apply information; (2) markedly impaired in his ability to interact with others; (3) extremely impaired in his ability to concentrate, persist, or maintain pace; and (4) extremely impaired in his ability to adapt or manage oneself. (DE 21-7, p. 308.) The ALJ appears to have based his decision regarding Step Three on whether Plaintiff met the Listings exclusively on what various medical sources opined as to each part B criteria. However, the ALJ excluded Mr. Seymour's opinion when discussing Plaintiff's ability in concentrating, persisting, or maintaining pace, and in adapting or managing oneself— areas where Mr. Seymour opined that Plaintiff had "extreme" limitations.[3] (See DE 21-2, pp. 20-21; DE 21-7, p. 308.) The Court finds that the ALJ did not address all of the evidence in the record and did not reconcile it with the decision. See Radford, 734 F.3d at 295 ("The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.").

---

[3]   In the part B criteria where the ALJ did mention Mr. Seymour's opinions—understanding, remembering or applying information, and in interacting with others—the ALJ stated Mr. Seymour opined that Plaintiff had moderate limitations for interacting with others; however, Mr. Seymour actually noted "marked" limitations. (Compare DE 21-1, p. 20, with DE 21-7, p. 308.)

Given the record as a whole, the Commissioner's mere disagreement as to the DIB decision is not persuasive. Therefore, the Report properly considered the evidence in the record, the Commissioner's objections are overruled, and the Court reverses the Commissioner's decision and remands this case for further administrative review.

## **CONCLUSION**

For the foregoing reasons, the Court adopts the Report and Recommendation and reverses the Commissioner's decision and remands this case for further administrative review.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

February 2, 2022
Greenville, South Carolina